J. JONES, J.,
concurring in part and dissenting in part.
I concur in the Court’s opinion, except that I would award attorney fees to ITD. In my estimation, Lochsa Falls’ claims contain little substance. While the Court was technically correct in remanding the constitutional claims (only because the district court did not consider them), they appear to have less merit than the issues that were decided by this Court. Lochsa Falls did brief and argue its takings claim but failed to put forth a convincing argument that a compensable taking had occurred. This Justice was left with the abiding feeling that Lochsa Falls benefit-ted much more than the State from the transaction at issue.
While Lochsa Falls portrays itself as having been put upon by being required to signalize an intersection for the benefit of the State and the motoring public, the reality is otherwise. The salient facts are that Lochsa Falls wished to develop a parcel of property located along a limited access highway, its traffic consultant recommended and it requested a signalized intersection to provide subdivision access to and from the highway, it was advised it could have the signalized intersection if it would pay for the same, it raised no protest to this routine requirement, and having gotten the benefit it sought Lochsa Falls now wishes to have ITD foot the bill.
This case could appropriately be analyzed in a contractual context. Lochsa Falls requests that ITD grant it the right to have a signalized intersection to benefit its subdivision. ITD agrees, provided that Lochsa Falls pays for signalizing the intersection. Lochsa Falls accepts the proposal without protest and proceeds to perform the signalizing work. Upon completion of the work, Lochsa Falls unilaterally changes its mind and decides it needs to be paid for the signalizing, but expresses no intention of giving up the valuable benefit it has derived from the deal. Lochsa Falls got what it bargained for but does not wish to honor its undertaking to bear the cost of such benefit. Had Lochsa Falls objected to the requirement that it pay for signalizing the intersection, it could simply have said “thanks, but no thanks” and done without a signal. One suspects there is *243 not the slightest chance it would have done so, as the increase in the value of its lots would substantially outweigh the cost of the traffic signal.
Lochsa Falls portrays the signalized intersection as an improvement to the highway, benefitting the traveling public. In its brief, Lochsa Falls asserts “had [the Legislature] wanted developers to pay for the costs to improve highways,” it could have granted ITD the power to assess impact fees. Loehsa Falls continues, stating that ITD “has decided that developers should pay for the privilege of having a state highway with a traffic signal abut their property, while the other traveling public who pass through and benefit from the signal and state highway do not have to pay for the traffic signal.” From ITD’s standpoint, adding additional traffic signals to a well-used limited access highway does not necessarily improve the highway system but, rather, may slow the passage of traffic along that highway system. As ITD notes in its brief, “[n]either ITD nor the state highway system receive any benefit from the new intersection. The capacity of the U.S. highway did not increase, nor are there any improvements to the state highway.” Neither is the traveling public benefitted by an additional stoplight, as the traveling public would likely prefer not to have to stop for the signal or to deal with the additional traffic coming onto the highway.
Lochsa Falls did correctly state that it is a “privilege” for a developer to have its property abutted by a state highway with a traffic signal. The fact is that a signalized intersection is a great benefit to the abutting property, substantially increasing its value. More signalized intersections are requested than are granted. Lochsa Falls should be pleased that it was able to obtain one for the benefit of its property and its prospective lot buyers. It essentially obtained a franchise to stop the flow of traffic to allow its lot buyers to have access to and from the highway. Rather than being heavily burdened, it has been highly benefitted. And, the benefit becomes a vested property interest. As ITD points out in its brief, “[w]hen a permittee completes the requirements for an encroachment permit, then under the ITD rule, it receives a deeded right of access.” See, IDAPA 39.03.42.300.04. In other words, when the traffic signal and new intersection are accepted by ITD and the permitting process has been completed, Lochsa Falls will get a deeded property right to the access.
Because Lochsa Falls has brought and appealed claims without a reasonable basis in fact or law, I would award ITD attorney fees under Idaho Code § 12-117.